UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO MORALES SANTIAGO,

                Plaintiff,

                -v.-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

19 Civ. 4001 (KPF)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:

    Pending before the Court is the May 5, 2020 Report and Recommendation from United States Magistrate Kevin Nathaniel Fox (the "Report" (Dkt. #23), attached), addressing Plaintiff Ricardo Morales Santiago's and Defendant Commissioner of Social Security's ("Commissioner") cross-motions for judgment on the pleadings. Judge Fox recommends that Plaintiff's motion for judgment on the pleadings be granted and the matter remanded to the Commissioner, and that the Commissioner's motion for judgment on the pleadings be denied.

    The Court has examined the Report and notes that no party has objected within the fourteen-day period from its service, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds no error in the Report and adopts it in its entirety.

## BACKGROUND

    The relevant facts underlying this action are set forth in the Report (Report 1-12) and the Certified Administrative Record (Dkt. #13 ("CAR")). The Court assumes familiarity with such facts and provides only a brief overview herein.

On January 11, 2016, Plaintiff filed an application for disability insurance benefits, and on January 19, 2016, Plaintiff filed an application for social security income. (CAR 202-05, 206-14). Both applications alleged disability as of October 27, 2015 (*id.* at 202, 206), which stemmed from Plaintiff's anxiety, depression, pain in both of his legs, and shortness of breath following triple-bypass heart surgery on August 25, 2015, for which blood vessels were harvested from Plaintiff's leg. (*See id.* at 349, 365, 518, 625, 645).

On December 14, 2017, Plaintiff appeared at a hearing before ALJ Elias Feuer. (CAR 41-83). On June 5, 2018, the ALJ found Plaintiff was not disabled between August 25, 2015, and January 2, 2018, but was disabled since January 2, 2018. (*Id.* at 18-30). Specifically, the ALJ found that the residual effects of Plaintiff's bypass surgery limited Plaintiff's residual functional capacity to only light work. (*Id.* at 22-23). Applying the Medical-Vocational Guidelines (the "Grids"), the ALJ concluded that Plaintiff became disabled as of his 55th birthday in January 2018. (*Id.* at 23-24). The ALJ further found that Plaintiff's residual effects of heart surgery were a severe impairment, but that Plaintiff's depression and lower back pain were not severe impairments. (*Id.* at 20-21). The ALJ therefore issued a partially favorable decision that awarded social security income and disability insurance benefits beginning in January 2018 but that denied benefits during the time period relevant to this appeal, from August 2015 to January 2018. (*Id.* at 25). On March 6, 2019, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. (*Id.* at 1-8). Thus, the ALJ's decision is the Commissioner's final decision, which is

reviewable by this Court.  20 C.F.R. §§ 404.981, 416.1581; 42 U.S.C. § 405(g).

On May 3, 2019, Plaintiff filed the instant complaint seeking review of the decision of the ALJ pursuant to § 205(g) and/or § 1631(c)(3) of the Social Security Act, as amended by 42 U.S.C. § 405(g) and/or § 1383(C)(3).  (Dkt. #1 ("Compl.") ¶ 1).  Specifically, Plaintiff argues that: (i) the ALJ erred in finding that Plaintiff's depression and back pain were not severe impairments (Dkt. #15 ("Pl. Br.") 13-16); (ii) the ALJ erred in not applying the treating physician rule (*id.* at 16-19); (iii) the ALJ erred in not considering the side-effects of Plaintiff's medications (*id.* at 19-20); (iv) the ALJ erred in failing to consider Plaintiff's obesity (*id.* at 20-21); (v) the ALJ erred in not considering the impact of Plaintiff's non-severe impairments on his residual functional capacity (*id.* at 21); (vi) the ALJ's residual functional capacity is not supported by substantial evidence (*id.* at 21-22); and (vii) the ALJ erred by applying the incorrect Grids rule, *see* 20 C.F.R. §§ 404.1563, 416.963 (*id.* at 22-25).

On January 17, 2020, the Commissioner submitted a brief in opposition to Plaintiff's motion for judgment on the pleadings and also filed a cross-motion for judgment on the pleadings.  (*See* Dkt. #20-21).  The Commissioner argues that: (i) substantial evidence supported the ALJ's finding that Plaintiff did not show that his depression and back pain were a severe impairment (Dkt. #21 ("Def. Br.") 10-15); (ii) the ALJ applied the treating physician rule and properly weighed the opinions (*id.* at 15-18); (iii) the ALJ's residual functional capacity finding adequately accounted for Plaintiff's credible side effects (*id.* at 18-19); (iv) the ALJ's residual functional

3

capacity finding adequately accounted for Plaintiff's obesity (*id.* at 19-20); (v) the ALJ's residual functional capacity finding was supported by substantial evidence and adequately accounted for Plaintiff's non-severe and severe impairments (*id.* at 20-22); and (vi) the ALJ appropriately applied the Medical-Vocational Guidelines (*id.* at 22-24).

On July 9, 2019, this matter was referred to Magistrate Judge Fox for a report and recommendation for judgment on the pleadings. (Dkt. #10). The Commissioner filed the certified administrative record on September 3, 2019. (Dkt. 13). Plaintiff filed his motion for judgment on the pleadings on October 29, 2019. (Dkt. #14-15). The Commissioner filed its opposition and its cross-motion for judgment on the pleadings. (Dkt. #20-21). Plaintiff filed his reply brief on January 28, 2020. (Dkt. #22).

Judge Fox issued the Report on May 5, 2020. (*See generally* Report). Judge Fox largely agreed with Plaintiff in concluding, *inter alia*, that the ALJ erred in failing to apply the treating physician rule and overlooked evidence of Plaintiff's documented back pain and extensive psychiatric treatment records and medications. (*See* Report 14-20). Judge Fox recommended that: (i) Plaintiff's motion for judgment on the pleadings be granted and the matter remanded to the Commissioner; and (ii) the Commissioner's motion for judgment on the pleadings be denied. (*Id.* at 20). Objections to the Report were due on or before May 19, 2020. (*Id.*). Neither party objected to the Report.

## DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1);

4

Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "'left with the definite and firm conviction that a mistake has been committed.'" *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway*, No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing *Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Because the Commissioner has not filed an objection to the Report, he has waived his right to object and to obtain appellate review. Even so, the Court has reviewed the Report and finds that its reasoning is sound and it is grounded in fact and law. Having reviewed the record, the Court finds no clear error and adopts the Report in its entirety.

## CONCLUSION

The Court has thus reviewed the Report for clear error and finds none. The Court agrees completely with Judge Fox's well-reasoned Report and hereby adopts its reasoning by reference. Accordingly, it is hereby ordered that: (i) Plaintiff's motion for judgment on the pleadings is GRANTED and

the matter is remanded to the Commissioner; and (ii) the Commissioner's motion for judgment on the pleadings is DENIED.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: July 31, 2020
       New York, New York

                                                        _____
                                                            KATHERINE POLK FAILLA
                                                            United States District Judge