UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO MORALES SANTIAGO,

                Plaintiff,

-v.-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

19 Civ. 4001 (KPF) (KNF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On August 3, 2020, the Court granted Plaintiff's motion for judgment on the pleadings in his Social Security appeal and remanded the matter to the Commissioner of Social Security for further administrative proceedings. (Dkt. #24). Now before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), filed October 29, 2020. (Dkt. #26-27). The Government filed its opposition to the motion on December 2, 2020 (Dkt. #28), and Plaintiff filed a reply on December 3, 2020 (Dkt. #29). For the reasons set forth below, the Court grants Plaintiff's motion and awards attorney's fees in the amount of $10,245.00.

## BACKGROUND[1]

The factual background to this case is set forth in the May 5, 2020 Report and Recommendation from United States Magistrate Kevin Nathaniel

---

[1] Plaintiff's counsel's application for attorney's fees and costs comprises, among other submissions, an affidavit ("Pl. Aff." (Dkt. #26-1)), a memorandum of law ("Pl. Mem." (Dkt. #27)), and a reply memorandum of law ("Pl. Reply" (Dkt. #30)). Defendant's opposition memorandum of law is referred to as "Def. Opp." (Dkt. #29).

Fox (the "Report" (Dkt. #23)), and the Certified Administrative Record (Dkt. #13).[2] The Court assumes familiarity with such facts and provides only a brief overview herein.

On May 3, 2019, Plaintiff filed a complaint seeking review of the decision of an Administrative Law Judge ("ALJ") pursuant to § 205(g) and/or § 1631(c)(3) of the Social Security Act, as amended by 42 U.S.C. § 405(g) and/or § 1383(C)(3). (Dkt. #1). Specifically, Plaintiff argued that: (i) the ALJ erred in finding that Plaintiff's depression and back pain were not severe impairments (Dkt. #15 at 13-16); (ii) the ALJ erred in not applying the treating physician rule (*id.* at 16-19); (iii) the ALJ erred in not considering the side effects of Plaintiff's medications (*id.* at 19-20); (iv) the ALJ erred in failing to consider Plaintiff's obesity (*id.* at 20-21); (v) the ALJ erred in not considering the impact of Plaintiff's non-severe impairments on his residual functional capacity (*id.* at 21); (vi) the ALJ's residual functional capacity is not supported by substantial evidence (*id.* at 21-22); and (vii) the ALJ erred by applying the incorrect Grids rule, *see* 20 C.F.R. §§ 404.1563, 416.963 (*id.* at 22-25).

On January 17, 2020, the Commissioner submitted a brief in opposition to Plaintiff's motion for judgment on the pleadings and also filed a cross-motion for judgment on the pleadings. (*See* Dkt. #20-21). The Commissioner argued that: (i) substantial evidence supported the ALJ's finding that Plaintiff did not show that his depression and back pain were a severe impairment (Dkt. #21

---

[2]    The administrative record is 1,113 pages long. (Dkt. #13).

10-15); (ii) the ALJ applied the treating physician rule and properly weighed the opinions (*id.* at 15-18); (iii) the ALJ's residual functional capacity finding adequately accounted for Plaintiff's credible side effects (*id.* at 18-19); (iv) the ALJ's residual functional capacity finding adequately accounted for Plaintiff's obesity (*id.* at 19-20); (v) the ALJ's residual functional capacity finding was supported by substantial evidence and adequately accounted for Plaintiff's non-severe and severe impairments (*id.* at 20-22); and (vi) the ALJ appropriately applied the Medical-Vocational Guidelines (*id.* at 22-24).

On July 9, 2019, the Court referred the matter to Magistrate Judge Fox for a report and recommendation for judgment on the pleadings. Judge Fox issued the Report on May 5, 2020. (*See generally* Report). Judge Fox largely agreed with Plaintiff in concluding, *inter alia*, that the ALJ had erred in failing to apply the treating physician rule and had overlooked evidence of Plaintiff's documented back pain and extensive psychiatric treatment records and medications. (*See* Report 14-20). Judge Fox recommended that: (i) Plaintiff's motion for judgment on the pleadings be granted and the matter remanded to the Commissioner; and (ii) the Commissioner's motion for judgment on the pleadings be denied. (*Id.* at 20). The Commissioner did not object to the Report.

On August 3, 2020, the Court adopted in full the reasoning in Judge Fox's report, granted Plaintiff's motion for judgment on the pleadings, and denied the Commissioner's motion for judgment on the pleadings. (Dkt. #24).

3

Judgment was entered the same day (Dkt. #25), and the matter was remanded to the Commissioner of Social Security for further administrative proceedings.

On October 29, 2020, counsel for Plaintiff filed a motion for attorney's fees pursuant to 28 U.S.C. § 2412(d). (Dkt. #26). Specifically, counsel seeks fees in the amount of $10,245.00. This figure represents 50 hours of work at an attorney rate of $204 per hour[3] and 0.5 hours of work at a paralegal rate of $90 per hour. Defendant objected to the fees component of the request, claiming that the number of hours billed was excessive. (Def. Opp. 2-6).

## DISCUSSION

### A.   Plaintiff's Eligibility for a Fee Award

Eligibility for a fee award under the EAJA requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that 'no special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Commissioner, I.N.S.* v. *Jean*, 496 U.S. 154, 158 (1990) (quoting the EAJA); *see generally Gomez-Beleno* v. *Holder*, 644 F.3d 139 (2d Cir. 2011) (applying *Jean*). The Court finds that all four factors are met.

*First*, Plaintiff is a prevailing party. The Supreme Court has held that a remand under sentence four of 42 U.S.C. § 405(g) is a final judgment that qualifies a plaintiff for prevailing party status. *See Shalala* v. *Schaefer*, 509

---

3     Counsel's affidavit requests 47.7 hours of attorney work at a rate of $204 per hour (Pl. Aff. ¶ 8), and the reply requests an additional 2.3 hours for time spent reviewing Defendant's opposition and drafting the reply (Pl. Reply 6), for a total of 50 hours.

4

U.S. 292, 301-02 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party."). On August 3, 2020, the Court ordered a remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. That order has not been appealed. Thus, Plaintiff is a prevailing party.

*Second*, "[t]he Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey* v. *Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce* v. *Underwood*, 487 U.S. 552, 565-66 (1988)). The Government does not contest this point and thus concedes that Plaintiff is entitled to reasonable attorney's fees.

*Third*, Plaintiff qualifies for an award of fees because his net worth is less than $2,000,000.00, *see* 12 C.F.R. § 1071.103(b), and the Court is unaware of any "special circumstances" that counsel against an EAJA award.

*Fourth*, Plaintiff's Motion was timely filed within thirty days of the judgment becoming final and non-appealable, as required by 28 U.S.C. § 2412(d)(1)(B).

**B.    "Reasonable" Fees**

    **1.    Applicable Law**

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley* v. *Eckerhart*, 461

5

U.S. 424, 433 (1983).  Under the EAJA, a reasonable hourly rate "'shall be based upon prevailing market rates for the kind and quality of the services furnished,'" except that attorney's fees are capped at $125 per hour unless the court determines that a higher fee is justified due to an increase in the cost of living or other special circumstances.  28 U.S.C. § 2412(d)(2)(A).  Cost of living adjustments may be made for inflation and calculated based upon the corresponding Consumer Price Index ("CPI") for each year in which services were performed.  *See Kerin* v. *U.S. Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000).⁴

A district court has broad discretion when determining the reasonableness of attorney's fees and may make appropriate reductions to the fees requested.  *See Walker* v. *Astrue*, No. 04 Civ. 891 (MAD), 2008 WL 4693354, at *5 (N.D.N.Y. Oct. 23, 2008) (citing *Colegrove* v. *Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)).  When it comes to determining the amount to be awarded under the EAJA, a district court "need not … scrutinize[ ] each action taken or the time spent on it."  *Aston* v. *Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986).  However, in making its determination, the district court should exclude hours that are not "reasonably expended," *i.e.*, "hours that are excessive, redundant or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  Among other factors, courts have considered the amount of time billed to particular tasks, the inclusion of time

---

4   Counsel for Plaintiff proffers a rate of $204, which, he states, reflects a 59.9% adjustment for the applicable cost of living increase as of April 2019.  (Pl. Aff. ¶ 8). Defendant does not contest the reasonableness of this rate for this case.

spent on clerical tasks, and the relative precision of the billing. *See Titus ex rel. N.M.C.* v. *Colvin*, No. 12 Civ. 1056 (MAD) (VEB), 2014 WL 3534981, at *3 (N.D.N.Y. July 17, 2014) (collecting cases).

District courts in the Second Circuit have recognized that, on average, an attorney spends twenty to forty hours on routine social security cases. *See, e.g., Forrest* v. *Colvin*, No. 15 Civ. 1573 (KPF), 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016); *Titus*, 2014 WL 3534981, at *3; *Scott* v. *Astrue*, No. 08 Civ. 910A, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011). That said, district courts have "not hesitated ... to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant[ ] such an award." *Hiciano* v. *Apfel*, No. 98 Civ. 4037 (DLC), 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002) (internal quotation marks omitted); *accord Stewart* v. *Comm'r of Soc. Sec.*, No. 12 Civ. 3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014). Factors that may justify a larger award include the factual and legal complexities of the case, *see Colegrove*, 435 F. Supp. 2d at 220-21 (approving approximately 90 hours of work, due to the case's "complicated procedural history, and the substantive issues involved"); the size of the administrative record, *see id.* at 220 (citing "size of the administrative transcript (over 1,100 pages)" as a justification for a larger award); whether counsel represented the plaintiff during the administrative proceedings, *see Barbour* v. *Colvin*, 993 F. Supp. 2d 284, 291 (S.D.N.Y. 2014), and the efficacy of the attorney's efforts, *see Borus* v. *Astrue*, No. 09 Civ. 4723 (PAC) (RLE), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012).

7

**2.   Discussion**

The Court begins by placing to the side the issues that are not disputed. Defendant does not dispute (i) the entitlement of Plaintiff's counsel to reasonable attorney's fees and costs under EAJA, or (ii) the reasonableness of the proffered rates. Instead, Defendant contests the number of hours billed, which is in excess of the twenty-to-forty hour average Defendant refers to as a "benchmark" for this Circuit. (Def. Opp. 3). The Court has reviewed the billing submissions with care, and has determined that the hours are reasonable.

The Court acknowledges that the legal issues implicated by this litigation were not unusually complex. Even so, the record in this case was larger than average — 1,113 pages — and counsel was required to scour that record in order to make seven distinct arguments regarding errors made by the ALJ. Since counsel did not personally represent Plaintiff at the administrative level,[5] the time required to review and familiarize himself with the case was reasonably longer than if he had represented Plaintiff from the beginning. Furthermore, counsel's extensive experience would not substantially reduce the time necessary to review the record and synthesize the information contained therein into a comprehensive statement of facts and arguments with citations to the record.

Accordingly, the Court concludes that 50 hours of attorney time — 47.7 hours for work up to and including drafting the fee application plus 2.3 hours

---

[5]   A different member of counsel's firm handled the administrative proceedings in this matter, and counsel denies "great familiarity with the record prior to filing the current civil action." (Pl. Reply 4).

for drafting the reply to the Government's opposition to the fee application — and 0.5 hours of paralegal time were reasonable to provide effective representation to Plaintiff during these proceedings. *Cf. Daily* v. *Comm'r of Soc. Sec.*, No. 18 Civ. 1080 (AT) (KNF), 2020 WL 1322528, at *3 (S.D.N.Y. Mar. 19, 2020) (awarding a total of 68.3 hours of attorney time on a case involving a record of 903 pages); *Cautillo* v. *Berryhill*, No. 17 Civ. 1356 (KPF) (DCF), 2019 WL 1147598, at *4 (S.D.N.Y. Mar. 12, 2019) (awarding 43.90 hours of attorney time and 13.10 hours of paralegal time in a case involving a record of 1,551 pages). The Court will not reduce the number of hours simply because they exceed the average in this Circuit.

## CONCLUSION

For the foregoing reasons, the Court awards attorney's fees in the amount of $10,245.00, comprising 50 hours of attorney time at a rate of $204 per hour and 0.5 hours of paralegal time at a rate of $90.00 per hour.

The Clerk of Court is directed to terminate the motion at docket entry 26.

SO ORDERED.

Dated:  December 14, 2020
            New York, New York

                                                    KATHERINE POLK FAILLA
                                                    United States District Judge